UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY<br>1190 Devon Park Drive<br>Wayne, PA 19087<br>    Plaintiff,<br><br>vs.<br><br>FITCHBURG MUTUAL INSURANCE COMPANY<br>222 Ames Street<br>Dedham, MA 02026<br>    and<br>THE FITS CORPORATION D/B/A YVONNE'S CAFÉ I/P/A YVONNE'S CAFÉ<br>54 Main Avenue<br>Ocean Grove, NJ 07756<br>    and<br>JANET AND KURT CAVANO<br>17 Abbott Avenue<br>Ocean Grove, NJ 07756<br>    Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY RELIEF, INDEMNIFICATION AND EQUITABLE CONTRIBUTION**

Plaintiff, United States Liability Insurance Group, by and through its counsel, Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, P.C., submits this Complaint for declaratory relief, indemnification and equitable contribution, and alleges as follows:

**THE PARTIES**

1.  Plaintiff, United States Liability Insurance Group ("USLI") is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1190 Devon Park Drive, Wayne, PA 19087.

2. At all times material hereto, Plaintiff was authorized to issue polices of insurance in the State of New Jersey.

3. Defendant, Fitchburg Mutual Insurance Company ("Fitchburg"), is a corporation, organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 222 Ames Street, Dedham, MA 02026.

4. At all times material hereto, Defendant was authorized to issue polices of insurance in the State of New Jersey.

5. The Fits Corporation d/b/a Yvonne's Café i/p/a Yvonne's Café ("Yvonne's Café" and/or "The Fits Corporation") is a corporation organized under the laws of the state of New Jersey with a principal place of business located at 54 Main Avenue, Ocean Grove, NJ 07756.

6. Janet and Kurt Cavano ("the Cavanos") are individuals who reside at 17 Abbott Avenue, Ocean Grove, NJ 07756.

## JURISDICTION AND VENUE

7. Jurisdiction is appropriate pursuant to 28 U.S.C. §1332 by virtue of the diversity of citizenship of the parties and because the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

8. 28 U.S.C. §2201 authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the insurance policy that is the subject of this action.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(1) and §1391(a)(2) because the insurance contract at issue was written in New Jersey and the underlying incident occurred in New Jersey.

## CLAIMS FOR DECLARATORY RELIEF, INDEMNIFICATION AND EQUITABLE CONTRIBUTION

10. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to insurance coverage.

11. This is an action for declaratory judgment pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-52, et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, for the purpose of determining a question in actual controversy between the parties, and for recovery of monies pursuant to principles of indemnification and equitable contribution.

12. To that end, this action seeks an adjudication of the duties and obligations of Fitchburg under a policy of insurance Fitchburg issued to The Fits Corporation naming the Cavanos as an additional insured and a declaration that USLI is entitled to indemnification, reimbursement, or in the alternative, equitable contribution from Fitchburg for USLI's payment and/or future payment of defense costs and indemnity to and on behalf of the Cavanos.

## GENERAL ALLEGATIONS

A. **The Underlying Action: Mancine v. Yvonne's Café, et al.**

13. On or about August 15, 2014, Anthony Mancine ("Mancine"), performing his duties as a health inspector, was on the premises of Yvonne's Café, located at 54 Main Avenue, Ocean Grove, NJ 07756, when he was struck in the head by a bottle.

14. Mancine instituted an action arising out of this incident in the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1947-16, ("the underlying action"). (See a copy of the Complaint attached hereto and marked as "Exhibit A").

15. Macine, having allegedly sustained injuries, asserted claims of negligence against the tenant/lessee of the property, Yvonne's Café. (See Exhibit "A" and see a copy of the Lease attached hereto and marked as Exhibit "B").

16. Macine also asserted claims of negligence against the property owners, the Cavanos. (See Exhibits "A" and "B").

**B.    USLI's Defense and Indemnity of Janet and Kurt Cavano**

17. USLI issued a commercial general liability insurance policy to Janet and Kurt Cavano, under policy number CL 1611955A, for the period of July 1, 2014 to July 1, 2015, with a per occurrence limit of $1,000,000 ("the USLI Policy"). (See a copy of the USLI Policy attached hereto and marked as Exhibit "C").

18. The USLI Policy identifies one of the insured locations as 54 Main Avenue, Ocean Grove, NJ 07756.

19. Upon receipt of Mancine's complaint, Cavanos tendered the complaint to USLI seeking coverage under the USLI Policy.

20. USLI assumed the defense of Cavanos in the underlying action.

**C.    The Fitchburg Policy and USLI's Tender to Fitchburg**

21. Fitchburg issued a business owners policy to The Fits Corporation, policy number V1415937A, for the period of March 10, 2014 to March 10, 2015, with a per

occurrence limit of $1,000,000 ("the Fitchburg Policy"). (See a copy of the Fitchburg Policy attached hereto and marked as Exhibit "D").

22. The Fitchburg Policy identifies the insured location as 54 Main Avenue, Ocean Grove, NJ 07756.

23. Fitchburg assumed the defense of The Fits Corporation d/b/a Yvonne's Café i/p/a Yvonne's Café in the underlying action.

24. Per the lease between the lessee/tenant, The Fits Corporation and the lessor/landlord, Kurt Cavano, The Fits Corporation agreed to procure "liability insurance including bodily injury and property damages insuring the Lessee and Lessor with minimum coverage as follows: $3000 plate glass; $950,000 liability. Lessee shall provide Lessor with a Certificate of Insurance showing Lessor as additional insured."   (See Exhibit "B" at ¶11).

25. The Fitchburg Policy contains an Additional Insured Endorsement (BP 04 02), titled Managers or Lessors of Premises, which refers back to the corresponding declaration identifying Kurt Cavano as an additional insured.

26. The Additional Insured Endorsement also provides the following language:

> A.   The following is added to Paragraph C. Who is an Insured in Section II- Liability:
> 4.   The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.
> B.   The following exclusions are added to Section II-Liability:
> This insurance does not apply to:
> 1. Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.

    2. Structural alterations, new construction or demolition operations performed by or for the person or organization designed in the Schedule

27. In light of the Lease and the Fitchburg Policy, on August 17, 2016, USLI tendered the defense and indemnification of the Cavanos to Fitchburg. (See a copy of the August 17, 2016 letter attached hereto and marked as Exhibit "E").

28. The tender for defense and indemnity pursuant to the additional insured language in the Fitchburg Policy went unanswered by Fitchburg.

29. Since Fitchburg did not accept the tender, USLI has continued to provide a defense to the Cavanos.

## COUNT I - DECLARATORY JUDGMENT AGAINST FITCHBURG

30. USLI incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

31. The Fitchburg Policy provides coverage for personal injury claims arising out of negligence of its insureds.

32. The Fitchburg Policy covers a period of time of March 10, 2014 to March 10, 2015.

33. The accident in the underlying action occurred during the policy period.

34. The Fitchburg Policy's insured premises is identified as 54 Main Avenue Ocean Grove, NJ 07756.

35. The accident in the underlying action allegedly occurred at 54 Main Avenue Ocean Grove, NJ 07756.

36. The Fitchburg Policy names Kurt Cavano as an additional insured.

37. The Lease between the Cavanos and The Fits Corporation mandates that the Cavanos be named as additional insureds under The Fits Corporation policy of insurance.

38. Fitchburg is obligated, pursuant to its policy of insurance issued to The Fits Corporation, to defend and indemnify the Cavanos as additional insureds in the underlying action.

39. Accordingly, USLI seeks a judgment from this Court declaring that Fitchburg owes a sole and primary duty to defend and indemnify the Cavanos in the underlying action.

**WHEREFORE,** USLI requests judgment providing the following relief:

A. A declaration that Fitchburg has a sole and primary duty to defend and indemnify the Cavanos in connection with Mancini's claims in the underlying action;

B. A declaration that any coverage for defense and indemnity which is owed under the USLI Policy must operate in excess to any coverage owed by the Fitchburg Policy.

C. Awarding attorneys' fees and costs to USLI in bringing the subject action; and

D. Granting such other and further relief as this Court deems appropriate and just.

### COUNT II – REQUEST FOR INDEMNIFICATION, REIMBURSEMENT AND/OR APPORTIONMENT

40. USLI incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

41. Fitchburg wrongfully refused to provide coverage to the Cavanos in the underlying action.

42. More specifically, Fitchburg owed a duty to defend Cavanos so long as the allegations of the complaint in the underlying action evidenced a potentiality of coverage under the Fitchburg Policy.

43. As Fitchburg ignored the demand for additional insured coverage in the underlying action, its refusal was wrongful.

44. USLI however, pursuant to the policy terms identical to those in the Fitchburg Policy, agreed to defend the Cavanos.

45. USLI has incurred expense in defending the Cavanos in the underlying action and will continue to incur expense as the underlying action is still being litigated.

46. Fitchburg has refused to accept the tender for the defense and indemnification of the Cavanos and has not addressed the reimbursement of USLI's defense costs.

47. Because USLI has incurred and continues to incur defense costs on behalf of the Cavanos in the underlying action, Fitchburg is required to indemnify and/or reimburse USLI for the defense costs or at a minimum an equal share of those defense costs.

**WHEREFORE,** USLI requests judgment providing the following relief:

A. Fixing the share of defense and indemnity to be paid by each insurance company;

B. Pursuant to that apportionment, reimbursement from Fitchburg of all expenses (including attorney's fees and expenses) incurred by USLI in defending Cavanos in the underlying action;

C. Awarding attorneys' fees and costs to USLI in bringing the subject action; and

D. Granting such other and further relief as this Court deems appropriate and just.

## COUNT III – EQUITABLE CONTRIBUTION AGAINST FITCHBURG

48. USLI incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

49. The negligence claims asserted by Mancini against the Cavanos in the underlying action allegedly occurred on August 15, 2014 – a date which falls within the policy periods of both the USLI and Fitchburg Policies.

50. In the event that this Court determines that the Cavanos are insured under both the Fitchburg and USLI Policies, and that both Fitchburg and USLI owe a primary duty to defend and indemnify the Cavanos, then USLI and Fitchburg are co-insurers of the Cavanos in the underlying action.

51. Like USLI, Fitchburg owes the Cavanos a duty to defend and duty to indemnify for the claims asserted in the underlying action and USLI therefore requests that this Court, in the alternative to Count I, declare that USLI is entitled to recover equitable contribution from Fitchburg of an equal share of the defense costs paid and continuing to be paid as well as any future indemnity that the Cavanos might owe.

**WHEREFORE,** USLI alternatively requests judgment providing the following relief:

A. A declaration that USLI and Fitchburg are co-primary insurers and that USLI and Fitchburg must share the defense and indemnification of the Cavanos equally;

B. To the extent the Court finds Fitchburg owes a duty to defend and indemnify the Cavanos and is a co-insurer with USLI, for a declaration that Fitchburg is obligated to reimburse USLI for half of all defense costs and expenses incurred since the tender of defense to Fitchburg;

C. Awarding attorneys' fees and costs to USLI in bringing the subject action; and

D. Granting such other and further relief as this Court deems appropriate and just.

## JURY TRIAL DEMAND

Plaintiff, United States Liability Insurance Group, hereby demands a jury trial as to all issues.

                **ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

By:  */s/ Charity A. Heidenthal, Esquire*
CHARITY A. HEIDENTHAL, ESQUIRE
30 Montgomery Street, Suite 960
Jersey City, New Jersey 07302
(201) 432-7840 – voice
(201) 432-3945 – facsimile
caheidenthal@zarwin.com – email
*Attorneys for Plaintiff, United States Liability Insurance Group*

DATED: June 22, 2017